**Electronically Filed**
**Intermediate Court of Appeals**
**30293**
**23-JAN-2013**
**08:49 AM**

NO. 30293

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JASON HESTER, OVERSEER THE OFFICE OF OVERSEER, A CORPORATE SOLE AND HIS SUCCESSORS, OVER/FOR THE POPULAR ASSEMBLY OF REVITALIZE, A GOSPEL OF BELIEVERS, Plaintiff/Counterclaim Defendant-Appellee, v. LEONARD GEORGE HOROWITZ AND JACQUELINE LINDENBACH HOROWITZ, Defendants/Defendants in Intervention-Appellants, and THE ROYAL BLOODLINE OF DAVID, Defendant/Defendant in Intervention/Counterclaimants-Appellants, and PHILIP B. MAISE, Plaintiff in Intervention/Cross-Claim Defendant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 05-1-196)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Fujise, JJ.)

In this civil appeal, Defendant-Appellant Leonard G. Horowitz (Horowitz) has filed the following seven outstanding motions since October 2012:

1. Motion for Dismissal (Rule 42) For Fraud Upon the Court, Costs and Attorney's Fees (Rule 39) for Appeal Compelled by Fraud, with Special Consideration of Rule 38 Damages and Costs for Fraud, and Interest on Judgment (Rule 37) filed on October 18, 2012;

2. Motion for Rule 64(b) Arrest Order and Seizure of Parties, Paul J. Sulla, Jr., and Jason Hester, for Committing Fraud Upon Three Courts in Furtherance of Securities Fraud and Property Theft filed on October 18, 2012;

3.  Motion for Discharge of Counsel filed on October 18, 2012;

4.  Motion to Substitute Parties filed on October 23, 2012;

5.  Correction and Modification of the Record for Fraud Upon the Court filed on October 23, 2012;

6.  Motion to Amend Order and Correct Appeals Court Record filed on November 2, 2012; and

7.  Amended Motion for Sanctions for Fraud Upon the Court filed on November 26, 2012.

In response, Plaintiff-Appellee Jason Hester, Overseer the Office of Overseer, a Corporate Sole and his Successors, Over/for the Popular Assembly of Revitalize, a Gospel of Believers (Hester) has filed (1) November 6, 2012 Motion to Strike Appellant Horowitz's Motion to Amend Order and Correct Appeals Court Record; (2) Notice of Non-Opposition to Motion for Dismissal of Appellate Court Action; or, in the Alternative, Motion to Strike Motion for Dismissal of Circuit Court Action; and (3) a November 26, 2012 Motion to Strike All Documents Filed by Appellant Horowitz as a Pro Se Prior to Discharge of Counsel.

Horowitz's counsel, John Carroll also provided a response.

Section 641-1(a) of the Hawaii Revised Statutes (HRS) authorizes appeals in civil matters from all final judgments, orders, or decrees of the circuit courts. But "an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under [Hawaiʻi Rules of Civil Procedure (HRCP) Rule] 54(b)." Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). The Hawaiʻi Supreme Court explained further that

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified.

Id. The Jenkins opinion gave examples that illustrated the exacting level of specificity and clarity required. Id. at 119-20 n.4, 869 P.2d at 1138-39 n.4.

Here, in the Circuit Court of the Third Circuit's (circuit court) Second Amended Final Judgment, it stated that

> [p]ursuant to the jury's verdict of February 21, 2008, [as to] the count for misrepresentation and fraud, judgment was entered in favor of Defendants and against Plaintiff, but this relief was VACATED by the Order Granting Plaintiff's Motion for Judgment as a Matter of Law or Alternatively New Trial on the Issue of Defendant's July 6, 2006 Counterclaim for Fraud and Misrepresentation, filed October 15, 2008.

Additionally, in a footnote, the circuit court explained that it had erroneously reinstated the jury award of $200,000 for Horowitz's fraud claim but that the claim had been struck in an order dated October 15, 2008.

In the October 15, 2008 order, the circuit court granted Hester's motion for judgment as a matter of law, stating "judgment in favor of Plaintiff and Counterclaim Defendant shall be entered on the issue of Defendants' Counterclaim for Fraud and Misrepresentation as Defendants and Counterclaimants' failed to plead fraud or misrepresentation as to the sale of the property with particularity." This statement references an intent to enter judgment in the future. It does not actually purport to enter judgment on the claim. Additionally, the circuit court did not ever separately enter judgment in favor of Hester. Instead, in February 2009, the circuit court referenced its October 15, 2008 order but then erroneously entered judgment in favor of Horowitz as to this claim.

In sum, the Second Amended Final Judgment does not satisfy the requirements for an appealable judgment under HRS § 641-1(a), HRCP Rule 54(b), or the holding in Jenkins. Absent

an appealable final judgment, the court lacks appellate jurisdiction and Defendant-Appellant Horowitz's appeal is premature.  Accordingly,

IT IS HEREBY ORDERED that appellate court case number 30293 is dismissed for lack of jurisdiction.

DATED:  Honolulu, Hawaiʻi, January 23, 2013.


Chief Judge


Associate Judge


Associate Judge